# In the United States Court of Federal Claims

No. 13-942C
(Filed: July 18, 2017)
NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| DAVIDSON | Copyright infringement; Copyrightability; Fair use; Architectural works; Pictorial representations of architectural works exemption; 17 U.S.C. § 120(a); Pictorial, graphical, and sculptural works. |
| Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
| Defendant, | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER

This is an action for copyright infringement. Plaintiff claims a copyright in a large replica of the Statue of Liberty located on the grounds of the New York, New York Hotel & Casino in Las Vegas. It is undisputed that the United States Postal Service used a photograph showing the head of plaintiff's statue on one of its stamps, believing it to have been a picture of the original. Pending are motions for summary judgment by plaintiff and defendant. Plaintiff's motion seeks partial judgment as to liability. Defendant's motion seeks summary judgment of non-infringement based on a comprehensive legal defense—photographic copying of a public architectural work does not constitute copyright infringement. *See* 17 U.S.C. § 120 (2012). Both motions are fully briefed and oral argument was held on June 7, 2017. As we ruled at the close of argument, both motions are denied and the matter remains set for trial on both liability and damages.

It is undisputed that plaintiff fabricated a replica of the Statue of Liberty. It was constructed and installed on the grounds of the New York New York Hotel & Casino in Las Vegas in 1996. He applied for and obtained a copyright on the replica in 2013, and thus he is not entitled to a presumption of validity. In his motion, plaintiff seeks a ruling that his replica statue is an

original sculptural work entitled to copyright protection and that defendant infringed that copyright. Defendant contends, and we agree, that disputed issues of fact remain which preclude summary judgment in plaintiff's favor. There is no question that plaintiff was invoking the Statue of Liberty in his replica, but he argues that his intent was not merely to copy and that the replica is unique. He contends that the face, which is the only aspect copied in the stamp at issue, was intentionally not a perfect copy of the original. Defendant contends that the differences, if any, are too subtle to warrant protection as an original work. Questions of fact arise, such as the differences between the original and the replica, whether those differences relate to the copied elements, plaintiff's intent in the fabrication process, the amount of discretion afforded plaintiff in the design and the choice of materials, and whether any differences were dictated by necessity rather than artistic choice.

Even if plaintiff were to establish that the Postal Service copied protected elements of the replica, defendant offers the defense of "fair use," which typically raises fact questions. This defense is offered in 17 U.S.C. § 107:

> Notwithstanding the provisions of sections 106 and 106A, the fair use of a copyrighted work . . . is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include--(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work;(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work.

No generally applicable definition of fair use is possible, and each case must be decided on its own facts. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577-78 (1994).

Plaintiff contends that the first factor plainly weighs in his favor; the Postal Service sold millions of stamps using the image in question. Defendant argues that the second factor weighs against plaintiff because the replica clearly attempts to mimic the original Statue of Liberty, and that the fourth factor plainly weighs in its favor—sale of the stamps would seem to have a minimal potential for reducing plaintiff's ability to make further commercial

use of the replica. Melding and weighing these three factors, along with the third—clearly a factual inquiry—makes summary judgment for either party inappropriate.

We cannot, therefore, grant plaintiff's motion for summary judgment as to liability. Nor, however, can we rule for defendant on its separate motion for judgment as to liability.

The government's defense is that the accused infringing use was protected by the exception set out in Section 120:

> (a) Pictorial representations permitted.–The copyright in an architectural work that has been constructed does not include the right to prevent the making, distributing, or public display of pictures . . . of the work, if the building in which the work is embodied is located in or ordinarily visible from a public place.

17 U.S.C. § 120(a). Defendant contends that the sculpture is part of a much larger, unitary architectural work, namely the New York, New York Hotel & Casino. It is undisputed that the hotel consists of several structures representing different New York landmarks that are connected to form a superstructure depicting the New York City skyline. The sculpture of the Statue of Liberty, although not directly connected to the buildings, is physically located as part of the same development on the same plot of land, was built at the same time, and was intentionally included to enhance the New York theme.[1] By throwing a large net over all the elements of the casino complex, including the replica, defendant creates a single "architectural work," any element of which can then be freely photographed without running afoul of copyright protections because of Section 120.

---

[1]Defendant repeatedly points to the New York City theme of the hotel and the fact that its experts' survey work shows that the Las Vegas Statue of Liberty replica is, in the public's mind, quintessentially representative of New York City. None of this speaks to the question of whether the Las Vegas version of the statue is an architectural work, however. The statue matches the theme of the hotel and is cleverly located to enhances the visual effect of the hotel's design, but it is not part of the building.

The addition of Section 120 was intended to *extend* copyright protections, however, not truncate them. Previously, architectural works had little protection because they were considered utilitarian and not subject to copyright protection. *See Leischester v. Warner Bros.*, 232 F.3d 1212,1216 (9th Cir. 2000). That changed in 1990 when congress passed the Architectural Works Copyright Protection Act ("AWCPA"), which added specific protection for architectural works but with the limiting proviso, on which the government relies, that photographs of public architectural works are exempted from protection. Pub. L. No. 101-650, §§ 702-703, 104 Stat. 5133 (1990). The AWCPA is silent as to its effect on any other section of the Copyright Act.

The statutory definition of "architectural work" is "the design of a building as embodied in any tangible medium of expression . . . . The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features." 17 U.S.C. § 101. The term "building" is defined in the applicable regulations as a "humanly habitable structure." 37 C.F.R. § 202.11(b)(2) (2016). It is undisputed that the statue is not, independently, a building within this regulatory definition. The Las Vegas Lady Liberty is a free standing work of sculpture; it is not part of the facade of the hotel's superstructure nor is it connected to the building in any physical sense. It also does not serve any functional purpose with regard to the building.

Defendant makes much of the fact that the definition of an architectural work includes the arrangement or composition of spaces or elements that might otherwise not be individually protected under the Copyright Act. In other words, the good news defendant offers plaintiff is that the protection of Section 120 includes the replica because it was intentionally sited as part of the casino "building." The bad news is that the protection disappears because now photographs can be taken of the face of the statue with no legal consequences. Even if Congress had in mind protecting the choices made in positioning of the replica as part of the casino, the government's argument makes hash of that protection by then permitting a photograph of the face of the replica, a feature which has nothing to do with positioning. In sum, deeming the statue to be one and the same as the buildings that constitute the casino itself is inconsistent with a common sense reading of the relevant statutory and regulatory provisions, and inconsistent as well with Congress' purpose in adopting the 1990 changes to protect architectural works, but not reduce protections afforded to other categories of protected works.

The government relies heavily on the Ninth Circuit's decision in *Leichester v. Warner Brothers*, in which the court held that a streetwall connected to a large office building in Los Angeles was properly considered an element of the design of that building because it served artistically to extend the building visually to the street and because it served functionally to guide foot traffic into the building's courtyard. 232 F.3d at 1218. The present facts are distinguishable, however. The Las Vegas statue is free standing and serves no functional purpose for the building.

The government's argument assumes that the only relevant protection for the replica can be as an architectural work. It completely ignores, however, the independent protection for sculptural works that pre-existed the addition of Section 120 in 1990. *See* 17 U.S.C. § 102(a)(5) (listing "sculptural works" as one of the categories of original "works of authorship" protected by the Copyright Act). The premise behind the government's defense is thus wrong. Even if the replica were viewed by the public as a design element of the casino, as defendant's experts contend, that does not strip plaintiff's work of its protection as a sculpture.

Accordingly, the parties' motions for summary judgment on liability are denied. Trial on liability and damages remains set to commence on September 11, 2017, in Washington, DC.

s/Eric G. Bruggink  
ERIC G. BRUGGINK  
Judge